# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DEWAYNE ANTOINE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-1376-JTM-GEB |
| | ) | |
| THOMAS BUSH, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

This matter is before the Court on Defendants' Motion for More Definite Statement (**ECF No. 12**). On February 22, 2017, the Court conducted an in-person hearing to discuss the pending motion.[1] Plaintiff Dewayne Antoine Anderson appeared on his own behalf. Defendants Naomi Arnold, Trindad Balderas, and Chief Gordon Ramsay[2] ("City Defendants") appeared through counsel, Erik S. Houghton. Defendant Thomas Bush was not a movant in the motion for more definite statement and did not appear. After review of Mr. Anderson's pleadings, the City Defendants' motion (ECF No. 12), and considering the oral arguments of all parties, the Court issues the following orders.

---

[1] Also pending before Chief District Judge J. Thomas Marten is defendant Thomas Bush's Motion to Dismiss (ECF No. 19). That motion was neither a subject of the February 22, 2017 hearing nor a subject of this Order.

[2] Although this defendant was named in the Complaint (ECF No. 1) as "Chief Ramsey" (first name unknown), the identity of the defendant was clarified in the motion (ECF No. 12) as Gordon Ramsay, Chief of the Wichita Police Department.

1.     **Defendants' Motion for More Definite Statement (ECF No. 12)**

Although Mr. Anderson did not file a written response to the City Defendants' motion, during the February 22 hearing, he described his confusion regarding the multiple pleadings filed in the case and his belief he would be able to present his arguments orally at the hearing.  When asked by the Court to articulate his claims and the facts supporting them, Mr. Anderson described his claims against the City Defendants, and the Court is satisfied his oral response to the motion was adequate.  After allowing the City Defendants the opportunity to reply at hearing, the Court GRANTS the motion for more definite statement (ECF No. 12) and ORDERS Mr. Anderson to amend his Complaint, as described below.

2.     **Dismissal of Defendant Gordon Ramsay**

During the discussion of his claims, Mr. Anderson admitted he does not intend to pursue an action against Chief Gordon Ramsay; rather, he intends to name the police chief acting at the time of the 2014 incident which precipitated his claims.  Finding Mr. Anderson has no objection to the dismissal of Chief Ramsay from this case, counsel for the City Defendants is ORDERED to draft an agreed notice reflecting the same, and submit it to Mr. Anderson for signature.  Mr. Anderson is reminded it is incumbent upon him to respond to any communications from either the Court or opposing parties, and he should confer and cooperate with counsel to achieve the dismissal of Chief Ramsay.

3.      **Plaintiff's Oral Request to Amend His Complaint**

During the recitation of his claims at hearing, Mr. Anderson revealed he plans to amend his Complaint to add additional defendants and/or clarify his claims. After consideration of the statements of all parties present at hearing, the Court finds no prejudice to Defendants by allowing amendment at this stage of the case, particularly in light of the City Defendants' request for a more definite statement.

Mr. Anderson is encouraged to review the materials available to self-represented litigants at http://www.ksd.uscourts.gov/self-representation/ in the preparation of his amended complaint. He must thoroughly articulate his legal and factual claims against each individual he names as a defendant. Additionally, although Mr. Anderson proceeds *in forma pauperis* and the clerk of the court will serve any newly-named defendants with a copy of the amended complaint,[3] it remains Mr. Anderson's responsibility to provide accurate address information for each named defendant.

4.      **Appointment of Counsel**

Upon the initial filing of this case, Mr. Anderson requested he be appointed an attorney to represent him (*see* Motion to Appoint Counsel, ECF No. 4). Because there is no right to counsel in a civil action, the Court evaluated Mr. Anderson's request under the factors discussed by the Tenth Circuit Court of Appeals in *Castner v. Colorado Springs Cablevision*,[4] including: 1) his ability to afford counsel, 2) his diligence in searching for

---

[3] *See* 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).
[4] 979 F.2d 1417, 1420-21 (10th Cir. 1992).

counsel, 3) the merits of his case, and 4) his capacity to prepare and present the case without the aid of counsel.

The Court denied Mr. Anderson's request on two bases:  1) he failed to show diligence in searching for counsel; and 2) the Court was unable to fully evaluate the merits of Mr. Anderson's claims given the information presented in the Complaint. (Order, ECF No. 6.)   The Court denied the motion for counsel without prejudice to reviewing a similar request at a later time.  (*Id*.)

Because the Court has now had the opportunity to hear from Mr. Anderson in person, "its perception of the merits and other factors relevant to the issue of appointment"[5] have changed, and the Court questions whether he is able to adequately present the case on his own.   Therefore, if Mr. Anderson would like the Court to reconsider his request for appointment of an attorney, he must submit a <u>new</u> Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel, using the form available from the clerk's office.  Mr. Anderson is reminded that his failure to <u>fully</u> complete the motion and demonstrate his efforts to secure counsel on his own could result in denial of any future request.

---

[5] *Jones v. Maritz Research Co.*, Case No. 14-2467-SAC-GLR, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C. Cir. 1998)).

**IT IS THEREFORE ORDERED** that the City Defendants' Motion for More Definite Statement (**ECF No. 12**) is **GRANTED**.

**IT IS FURTHER ORDERED** that counsel for the City Defendants must: 1) draft an agreed notice reflecting the dismissal of Chief Gordon Ramsay, consistent with Fed. R. Civ. P. 41(a)(1)(A)(ii);  2) confer or communicate by mail with Mr. Anderson to obtain his signature; and 3) submit the same to the clerk's office for filing.  The notice of dismissal should be filed within 14 days of counsel's receipt of this Order.

**IT IS FURTHER ORDERED** that Mr. Anderson's oral request to amend his Complaint is **GRANTED**.  Mr. Anderson must file an Amended Complaint **no later than March 24, 2017**.  However, if Mr. Anderson wishes the Court to reevaluate his request for appointed counsel, he must submit a renewed motion, as described above, **no later than March 8, 2017**.  The Court will expeditiously evaluate any such request, but the parties are cautioned that a meritorious request for appointed counsel may postpone Mr. Anderson's March 24 deadline to amend his Complaint.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 23rd day of February, 2017.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge